ELMER WAYNE HOLLEY AND WIFE, CAROL HOLLEY v. HERCULES, INCORPORATED AND AMERICAN PETROFINA, INCORPORATED, D/B/A HERCOFINA, AND DEWITT McKOY

No. 875SC1

(Filed 18 August 1987)

**Damages § 12.1; Rules of Civil Procedure § 41.1— punitive damages not specifically alleged—voluntary dismissal—punitive damages claim preserved**

When plaintiff refiled his action within one year of his voluntary dismissal pursuant to N.C.G.S. § 1A-1, Rule 41(a), his claim for punitive damages, which he specifically alleged in the second action but not the first, was nevertheless not barred by the statute of limitations, since he alleged facts in the first action which were sufficient to support an award of punitive damages, and his allegations in the second action with regard to the recklessness of defendant and his indifference to plaintiff's safety added nothing of any consequence to the suit.

APPEAL by plaintiff, Elmer Wayne Holley, from *Reid, Judge.* Order entered 10 September 1986 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 13 May 1987.

Holley v. Hercules, Inc.

On 12 April 1982 plaintiff, Elmer Wayne Holley, a pipefitter employed by the concern that maintained defendant Hercules' industrial plant near Wilmington, sustained personal injuries at that facility while replacing a leaking gasket in a pipeline condenser. On 7 April 1983 he sued only the corporate defendants for the compensatory damages he allegedly sustained as a consequence of that incident. In that action, also filed in the Superior Court of New Hanover County, he alleged by his complaint and amended complaint in substance that: His injuries were due to the negligence of two employees of the corporate defendants, DeWitt McKoy and an unidentified control room operator; their negligence consisted of charging a large pipeline close to the one plaintiff was working on without notifying him, though they knew that charging a line causes a great deal of vibration and creates an extremely dangerous condition for workers in close proximity to it, and McKoy either gave the unknown control room operator approval to charge the line before warning plaintiff or the control room operator charged the line without either obtaining approval or warning plaintiff; because of the vibration caused by the charging of the line, plaintiff had to leap from his work place to the floor about nine feet below and in doing so was injured. On 18 March 1985 Elmer Wayne Holley voluntarily dismissed that action without prejudice, as Rule 41 of the N.C. Rules of Civil Procedure permits; and this action based on the same accident and injury was filed within a year thereafter, on 17 March 1986. The new complaint essentially duplicates the allegations earlier made as to where, when, why, and how plaintiff Elmer Wayne Holley was injured and sustained compensatory damages, it being alleged, as before, in essence that Elmer Wayne Holley was injured because either defendant McKoy or the unknown control room operator charged the line without notifying him. The complaint in this action also alleges in gist that: Because of Elmer Wayne Holley's injury Carol Holley was damaged by being deprived of his society and companionship; defendant DeWitt McKoy was individually negligent and liable as a joint tort feasor; and McKoy "acted with reckless and wanton disregard of the Plaintiff, Elmer Wayne Holley's rights and exhibited a gross indifference to the rights and safety of others." In the prayer for relief in this complaint plaintiffs prayed for the recovery of compensatory damages for Elmer Wayne Holley because of his personal injuries, compen-

satory damages for Carol Holley's loss of consortium, and punitive damages for both plaintiffs.

After answering the complaint Hercules, Incorporated, the only defendant served with process in this action, moved for summary judgment "on the grounds that the Plaintiffs' causes of action are barred by the applicable Statute of Limitations." The motion was granted as to the claims of Carol Holley and the claim of Elmer Wayne Holley for punitive damages, but the motion was denied as to Elmer Wayne Holley's claim for compensatory damages. Carol Holley did not appeal.

*Shipman & Lea, by H. Kenneth Stephens, II, for plaintiff appellant Elmer Wayne Holley.*

*Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams and Charles D. Meier, for defendant appellee Hercules, Incorporated.*

PHILLIPS, Judge.

The only question presented by this appeal is whether the so-called claim or cause of action of Elmer Wayne Holley for punitive damages based upon the defendant's negligence in causing him to be personally injured is barred by the three-year statute of limitations, admittedly the applicable statute. G.S. 1-46; G.S. 1-52(16). It is not contended here that his action for compensatory damages is barred by that statute and there is no basis for doing so, though it was instituted more than three years after the injuries were allegedly sustained; for that part of this action virtually duplicates the first action which was commenced within the statutory period, and this action was brought within a year after that action was voluntarily dismissed without prejudice, as Rule 41(a)(1), N.C. Rules of Civil Procedure expressly permits. But since the so-called claim or cause of action for punitive damages was not asserted until this action was refiled, more than three years after the incident giving rise to the claim occurred, it is not quite as obvious that Rule 41(a)(1) extended the time for filing it as well.

The provisions of Rule 41(a)(1) that concern us state that unless the terms of the dismissal provide otherwise, and plaintiff's dismissal did not provide otherwise, that "a new action

Holley v. Hercules, Inc.

based on the same claim may be commenced within one year" after a voluntary dismissal without prejudice is taken. Defendant appellee, contending that the claim is barred and that Rule 41(a)(1) does not save it, points to *Stanford v. Owens*, 76 N.C. App. 284, 332 S.E. 2d 730, *disc. rev. denied*, 314 N.C. 670, 336 S.E. 2d 402 (1985) as controlling. In that case it was held that a cause of action for fraud, first asserted after the statute of limitations had otherwise run, was not saved by Rule 41(a)(1), though it was asserted in connection with a timely refiled action for negligent misrepresentation and the fraud claim was based on the same lot sale that the negligent misrepresentation claim was based on. But there is a significant, and we think decisive, difference between *Stanford* and this case. Fraud is a cause of action with distinctive elements that distinguish it from a cause of action based on negligent misrepresentation, and when the cause of action for fraud was first asserted in *Stanford* the statute of limitations had already run against it; whereas in this case only one cause of action is asserted, and it is the same cause of action that was asserted in the first case because there is no *cause of action* for punitive damages and no such cause is asserted herein. Causes of action are the vehicles by which legal rights and remedies are enforced, but no one has a legal right to punitive damages. Punitive damages are recoverable only in the discretion of the jury when the wrong is of an aggravated nature. *Hinson v. Dawson*, 244 N.C. 23, 92 S.E. 2d 393 (1956). For punitive damages to be awarded in a personal injury action sounding in negligence, as this one, the defendant's wrong must amount to more than ordinary negligence; it must reach a higher level of misconduct, such as wilfulness, wantonness or recklessness indicating an indifference to or a disregard for the rights and safety of others. *Henry v. Deen*, 310 N.C. 75, 310 S.E. 2d 326 (1984); *Hinson v. Dawson, supra; Huff v. Chrismon*, 68 N.C. App. 525, 315 S.E. 2d 711, *disc. rev. denied*, 311 N.C. 756, 321 S.E. 2d 134 (1984); *Robinson v. Duszynski*, 36 N.C. App. 103, 243 S.E. 2d 148 (1978); W. Prosser and W. Keeton, The Law of Torts Sec. 2, p. 9 (5th ed. 1984).

Furthermore, our courts have usually not required the pleader to specifically plead, by name, punitive damages; they have rather held that it is enough that the facts tending to establish the aggravated character of the wrong are alleged, and that characterizing a party's conduct as being wilful, or wanton,

or reckless without alleging the specific acts relied upon are but conclusions that add nothing to the allegation. *Cook v. Lanier*, 267 N.C. 166, 147 S.E. 2d 910 (1966); *Lutz Industries, Inc. v. Dixie Home Stores*, 242 N.C. 332, 88 S.E. 2d 333 (1955). Thus, in this case, since plaintiff alleged in the first action that defendant's employees activated a pipeline close to where plaintiff was working without warning him, that charging a line created a dangerous situation, and before charging a line they were required to notify those in close proximity thereto, an adequate factual basis was stated for the jury finding that defendant acted with reckless disregard for plaintiff's safety and for awarding punitive damages if they concluded such damages should be awarded. That in the complaint in this action plaintiff went further and characterized the acts previously described as being reckless and indifferent to his safety added nothing of any consequence to the suit; certainly it did not add an enforceable claim or cause of action that the statute of limitations had run against.

Rule 41(a)(1) extends the time within which a party may refile suit after taking a voluntary dismissal when the refiled suit involves the same parties, rights and cause of action as in the first action. *Goodson v. Lehmon*, 225 N.C. 514, 35 S.E. 2d 623 (1945); *Whitehurst v. Virginia Dare Transportation Co.*, 19 N.C. App. 352, 198 S.E. 2d 741 (1973). This refiled action now involves the same parties, the same rights and the same cause of action as before; and under the plain provisions of the rule no part of the action as refiled is barred by the statute of limitations.

Reversed.

Judges COZORT and GREENE concur.