MICHAEL G. STALEY AND MELODY H. STALEY, PLAINTIFFS v. L.K. LINGERFELT, INDI-
VIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER OF THE LOWELL POLICE
DEPARTMENT, AND THE CITY OF LOWELL, A NORTH CAROLINA MUNICIPAL
CORPORATION, DEFENDANTS

No. COA98-1293

(Filed 20 July 1999)

1. **Appeal and Error— appealability—partial summary judgment—qualified immunity—substantial right**

    Although partial summary judgment is not immediately appealable in most circumstances, a substantial right is affected when qualified immunity is pled as a defense to summary judgment and such an interlocutory order is immediately appealable.

2. **Statute of Limitations— voluntary dismissal—new claims**

    The trial court did not err by granting summary judgment for defendants based upon the statute of limitations in an action arising from a confrontation at the scene of an automobile accident where plaintiffs' first complaint was filed within the statute of limitations but alleged only a section 1983 claim and a claim for loss of consortium and plaintiffs did not assert their additional claims until more than four years after the incident, following a voluntary dismissal and a new filing. Although the claims arose from the same events, defendants were not placed on notice that they would be asked to defend these claims within the time required by the statute of limitations.

### 3. Damages— punitive—action against police officer— capacity

The trial court correctly granted summary judgment in favor of a police officer in his official capacity on a punitive damages claim in a section 1983 action, but erred by granting summary judgment for the officer in his individual capacity. Punitive damages may not be awarded in a section 1983 action against either a municipality or a municipal officer acting in an official capacity.

### 4. Civil Rights— action against police officer—alleged unreasonable seizure and due process violation—material issue of fact

In an action against a police officer in his individual capacity arising from a confrontation at an automobile accident, the trial court correctly denied the defendants' motion for summary judgment on the issues of section 1983 violations and loss of consortium where the officer claimed qualified immunity. There are material issues of fact as to defendant's conduct and the actions of plaintiff.

### 5. Police Officers— 1983 action—official capacity

A municipality may be sued for section 1983 violations only if there are allegations that the unconstitutional action implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers and the municipality may not be held liable on the sole basis of respondeat superior. In this case, there was no valid claim against the City or against the police officer in his official capacity.

Appeal by plaintiffs from judgment entered 24 July 1998 by Judge Marvin K. Gray in Gaston County Superior Court. Heard in the Court of Appeals 10 June 1999.

*Bailey, Patterson, Caddell, Hart, Milliken & Bailey, P.A., by H. Morris Caddell, Jr. and Helen Ruth Harwell, for plaintiffs-appellants.*

*Stott, Hollowell, Palmer & Windham, L.L.P., by Martha Raymond Thompson, for defendants-appellees.*

WALKER, Judge.

On 11 June 1993, plaintiff Michael Staley's mother was involved in an automobile collision in Lowell, North Carolina. Defendant L.K. Lingerfelt, a police officer for the City of Lowell (the City), investi-

gated the collision. As the investigation proceeded, plaintiff Michael Staley arrived at the scene to find out how his mother was doing. There, he became involved in a shouting altercation with the driver of the other vehicle involved in the collision. Officer Lingerfelt asked him to leave the scene so that his investigation could continue. Plaintiff agreed, but later confronted the other driver again. Officer Lingerfelt warned plaintiff that if he did not leave, he would be arrested for interfering with an investigation. Plaintiff again agreed to leave. However, he returned to yell at the driver a third time. Officer Lingerfelt then placed plaintiff under arrest and charged him with a violation of N.C. Gen. Stat. § 14-223—unlawfully resisting, delaying, or obstructing a public officer in the discharge of his duty. The criminal charge against plaintiff was later dismissed.

On 4 August 1995, plaintiffs filed an action against defendants alleging a violation of plaintiff's civil rights pursuant to 42 U.S.C. § 1983 and a loss of consortium claim on behalf of plaintiff Melody Staley, Michael Staley's wife. The City was named as a defendant in the complaint but the only allegation regarding the City was as the employer of Lingerfelt and a second unnamed police officer. The plaintiffs dismissed their complaint without prejudice on 9 September 1996.

On 5 September 1997, plaintiffs filed the current action in which they alleged, in addition to the claims set forth in the first complaint, assault and battery, false arrest and imprisonment, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, trespass by a public officer, violations of the North Carolina Constitution, and a claim for punitive damages. Plaintiffs also alleged for the first time in the second complaint that the City formulated policies and practices that proximately caused the deprivation of plaintiff's civil rights. Defendants jointly answered the complaint and then filed a motion for summary judgment on 10 July 1998, attaching the affidavits of defendant Lingerfelt and Officer Rodney Young, of the Cramerton Police Department, who assisted with the arrest. Plaintiffs filed a response and incorporated several affidavits from witnesses. The trial court granted summary judgment for the City on all claims and granted summary judgment for defendant Lingerfelt on all claims except those for section 1983 violations and loss of consortium.

[1] Initially, we note that a grant of partial summary judgment is not a final judgment, is interlocutory, and is not immediately appealable in most circumstances. *Liggett Group v. Sunas*, 113 N.C. App. 19, 437

S.E.2d 674 (1993). This appeal has not been certified for immediate review pursuant to Rule 54(b), so we must determine whether a substantial right will be affected such that immediate appellate review is necessary. *Bartlett v. Jacobs*, 124 N.C. App. 521, 477 S.E.2d 693 (1996), *disc. review denied*, 345 N.C. 340, 483 S.E.2d 161 (1997); N.C. Gen. Stat. § 1-277 (1996). Plaintiffs argue that there is a danger of inconsistent verdicts if the appeal is not heard before the remaining issues go to trial, and defendants have made cross-assignments of error based on the defense of qualified immunity. When qualified immunity is pled as a defense to summary judgment, a substantial right is affected and such an interlocutory order is immediately appealable. *Rousselo v. Starling*, 128 N.C. App. 439, 495 S.E.2d 725, *appeal dismissed*, 348 N.C. 74, 505 S.E.2d 876 (1998). Thus, the appeal is properly before us.

[2] Plaintiffs assign as error the trial court's decision granting summary judgment for the City and partial summary judgment for defendant Lingerfelt. They argue that there were material issues of fact remaining to be determined, which made summary judgment improper. Plaintiffs also argue that the statute of limitations for the additional claims asserted in the second complaint had not expired as the re-filing provision contained in Rule 41 provided an additional year from the time of the voluntary dismissal to bring those claims.

The statute of limitations for the state law claims brought in plaintiffs' second complaint is three years. *See, e.g.*, N.C. Gen. Stat. § 1-52(5) (Cum. Supp. 1998) (negligent infliction of emotional distress, violations of North Carolina Constitution which lead to injury to the person); *Waddle v. Sparks*, 331 N.C. 73, 414 S.E.2d 22 (1992) (intentional infliction of emotional distress); *Evans v. Chipps*, 56 N.C. App. 232, 287 S.E.2d 426 (1982), *overruled on other grounds*, *Fowler v. Valencourt*, 334 N.C. 345, 435 S.E.2d 530 (1993) (malicious prosecution); N.C. Gen. Stat. § 1-52 (13) (Cum. Supp. 1998) (trespass by a public officer). Although the statute of limitations for assault and false imprisonment is usually one year as prescribed in N.C. Gen. Stat. § 1-54 (1996), three years is the limitation period for claims of assault and battery and false arrest or imprisonment when brought against a police officer. *Fowler*, 334 N.C. 345, 435 S.E.2d 530.

Rule 41 of the North Carolina Rules of Civil Procedure is unique and varies from its federal counterpart by the addition of the following: "If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsec-

tion, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time." N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1990). The effect of this provision is to extend the statute of limitations by one year after a voluntary dismissal. *Whitehurst v. Transportation Co.*, 19 N.C. App. 352, 198 S.E.2d 741 (1973). However, the rule may not be used to avoid the statute of limitations by taking a dismissal in situations where the initial action was already barred by the statute of limitations. *Ready Mix Concrete v. Sales Corp.*, 36 N.C. App. 778, 245 S.E.2d 234, *disc. review allowed*, 295 N.C. 552, 248 S.E.2d 725 (1978).

In this case, plaintiffs' first complaint arose out of the incident on 11 June 1993, but alleged only a section 1983 claim and a claim for loss of consortium. This complaint was properly filed within the statute of limitations. Plaintiffs made no allegations dealing with the City other than that it employed defendant Lingerfelt and another officer. Plaintiffs did not assert the additional claims until 5 September 1997—more than four years after the incident. The issue before us then is whether these additional claims can be made for the first time pursuant to the Rule 41 savings provision more than a year after the statute of limitations expired.

In *Holley v. Hercules, Inc.*, 86 N.C. App. 624, 359 S.E.2d 47 (1987), this Court held that a claim for punitive damages could be made for the first time in a complaint made during the one year re-filing period but after the statute of limitations had expired. The Court reasoned that, because a claim for punitive damages was not a cause of action but was derivative of the negligence claim which was properly re-filed, the punitive damages claim could go forward. *Id.* at 628, 359 S.E.2d at 50. Similarly, in *Sloan v. Miller Building Corp.*, this Court held that a claim for loss of consortium, which was made for the first time in a complaint filed during the Rule 41 savings period after the statute of limitations expired, was proper because the loss of consortium claim "must be joined with the other spouse's claim for personal injury." *Sloan v. Miller Building Corp.*, 128 N.C. App. 37, 40, 493 S.E.2d 460, 462 (1997). However, in *Stanford v. Owens*, 76 N.C. App. 284, 332 S.E.2d 730, *disc. review denied*, 314 N.C. 670, 336 S.E.2d 402 (1985), a claim of fraud, first alleged during the re-filing period, was dismissed as time-barred by the statute of limitations. In that case, plaintiffs argued that because the fraud claim arose out of the same events that precipitated the original negligence claim, the facts which support the fraud claim had been in existence since the

initial filing of the action. This Court disagreed, finding that "a claim for fraud is fundamentally different from a claim for negligence" and that plaintiff's allegations of negligence did not substantially allege fraud. *Id.* at 289, 332 S.E.2d at 733.

Here, we conclude that the state law claims first made in the second complaint, with the exception of the claim for punitive damages, come within the rule set out in *Stanford.* Each claim is an independent cause of action with unique elements which must be proven by plaintiffs. Although the claims arise from the same events as the section 1983 and loss of consortium claims, the defendants were not placed on notice that they would be asked to defend these claims within the time required by the statute of limitations.

The statute of limitations is "inflexible and unyielding," and the defendants are vested with the right to rely on it as a defense. *Congleton v. City of Asheboro,* 8 N.C. App. 571, 573, 174 S.E.2d 870, 872 (1970). Further, the purpose of the statute of limitations is to "afford security against stale demands," even when they may "bar the maintenance of meritorious causes of action." *Shearin v. Lloyd,* 246 N.C. 363, 371, 98 S.E.2d 508, 514 (1957). The trial court has no discretion when considering whether a claim is barred by the statute of limitations. *Congleton,* 8 N.C. App. at 573, 174 S.E.2d at 872.

Therefore, with regard to all claims against the City and the claims against defendant Lingerfelt for assault and battery, false arrest and imprisonment, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, trespass by a public officer and violations of the North Carolina Constitution, the trial court did not err in granting summary judgment for the defendants as these claims were barred by the statute of limitations.

[3] Plaintiffs' claim for punitive damages is similar to that found in *Holley,* 86 N.C. App. 624, 359 S.E.2d 47. Punitive damages may be awarded in a section 1983 action under appropriate circumstances to punish violations of constitutional rights. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 69 L. Ed. 2d 616 (1981). However, punitive damages may not be awarded against either a municipality or a municipal officer acting in his official capacity because suing an officer in his official capacity has the effect of suing the municipality itself. *Id.; Barnett v. Karpinos,* 119 N.C. App. 719, 460 S.E.2d 208, *disc. review denied,* 342 N.C. 190, 463 S.E.2d 232 (1995). Here, defendant Lingerfelt has been sued in both his official and individual

capacities. Thus, the claim for punitive damages against defendant Lingerfelt in his individual capacity may proceed.

[4] Next, we address defendant Lingerfelt's cross-assignments of error. Defendant Lingerfelt contends that the trial court erred in denying his motion for summary judgment on the claims of section 1983 violations and loss of consortium. He argues that he is entitled to qualified immunity in his individual capacity.

The standard for determining whether an officer may claim qualified immunity was stated by this Court in *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 670, 449 S.E.2d 240, 244 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995), and *Barnett*, 119 N.C. App. at 725-26, 460 S.E.2d at 211:

> 'The test of qualified immunity for police officers sued under [section 1983] is whether [the officers' conduct violated] clearly established statutory or constitutional rights of which a reasonable person would have known.' *Lee v. Greene*, 114 N.C. App. 580, 585, 442 S.E.2d 547, 550 (1994) (citations omitted). In ruling on the defense of qualified immunity we must: (1) identify the specific right allegedly violated; (2) determine whether the right allegedly violated was clearly established at the time of the violation; and (3) if the right was clearly established, determine whether a reasonable person in the officer's position would have known that his actions violated that right. *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992). The first two determinations are questions of law for the court and should always be decided at the summary judgment stage. *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992); *Lee v. Greene*, 114 N.C. App. 580, 585, 442 S.E.2d 547, 550 (1994). However, 'the third [determination] . . . require[s] [the factfinder to make] factual determinations [concerning] disputed aspects of the officer[s'] conduct.' *Lee v. Greene*, 114 N.C. App. at 585, 442 S.E.2d at 550 (citations omitted).

Plaintiff Michael Staley claims his right to be free from unreasonable search and seizure was violated along with his due process rights. These rights have been "clearly established" through decisions of both the state and federal appellate courts. *See Barnett*, 119 N.C. App. at 726, 460 S.E.2d at 212. However, we conclude that there are material issues of fact as to defendant Lingerfelt's conduct and the actions of plaintiff which make this determination unsuited to summary judgment. The parties have submitted conflicting affidavits

purporting to describe the events of 11 June 1993, and the resolution of these conflicts is left to the finder of fact. For these reasons, we affirm the trial court's denial of defendants' motion for summary judgment on the issues of section 1983 violations and loss of consortium.

**[5]** Finally, we address the capacities in which defendant Lingerfelt is being sued. In the first complaint, Lingerfelt was sued for section 1983 violations in both his individual and official capacities. As noted above, suing a municipal official in his official capacity accomplishes the same effect as suing the municipality itself. *See Barnett*, 119 N.C. App. at 725, 460 S.E.2d at 211. A municipality may be sued for section 1983 violations only if there are allegations that the unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690, 56 L. Ed. 2d 611, 635 (1978). The municipality may not be held liable on the sole basis of respondeat superior. *Id.* Plaintiffs made no allegations against the City that comply with the holding in *Monell* in the first complaint. Therefore, no valid claim was made against defendant Lingerfelt in his official capacity or the City within the time allowed by the statute of limitations in the initial action. For that reason, no claims remain against defendant Lingerfelt in his official capacity since the loss of consortium claim must be accompanied by a viable claim which alleged injury.

In summary, plaintiffs' claims for section 1983 violations, loss of consortium and punitive damages may proceed against defendant Lingerfelt in his individual capacity. The trial court's order granting summary judgment for defendant Lingerfelt in his individual capacity as to the plaintiffs' claim for punitive damages is reversed; otherwise, the trial court's order is affirmed.

Affirmed in part, reversed in part, and remanded.

Judges McGEE and EDMUNDS concur.