IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY HERCULES COLE AND ELSIE CELESTINE COLE, HUSBAND AND WIFE, H. TERRY HUTCHENS, PA, SUBSTITUTE TRUSTEE, HERCULES COLE AND CELESTINE COLE, PLAINTIFFS V. BRANCH BANKING AND TRUST COMPANY, THOMAS M. NEVILLE, INDIVIDUALLY AND AS AGENT OF BRANCH BANKING AND TRUST COMPANY, PATRICIA DAVIS, INDIVIDUALLY AND AS AGENT OF BRANCH BANKING AND TRUST COMPANY, AND H. TERRY HUTCHENS, P.A., SUBSTITUTE TRUSTEE, DEFENDANTS

———————————

HERCULES COLE AND CELESTINE COLE, PLAINTIFFS V. VESTAL E. YARBROUGH, SHIRLEY YARBROUGH, EDWARD WINSLOW QUALITY BUILDERS, INC., BRANCH BANKING AND TRUST COMPANY, THOMAS M. NEVILLE, INDIVIDUALLY AND AS AGENT OF BRANCH BANKING AND TRUST COMPANY, PATRICIA DAVIS, INDIVIDUALLY AND AS AGENT OF BRANCH BANKING AND TRUST COMPANY, AND H. TERRY HUTCHENS, P.A., SUBSTITUTE TRUSTEE, DEFENDANTS

No. COA05-7

(Filed 7 February 2006)

**1. Attorneys— admission pro hac vice—delayed ruling**

A delay of four months before hearing a motion for admission to practice pro hac vice did not deprive plaintiffs of their fundamental right to select counsel to represent them. Admission to practice pro hac vice in North Carolina is not a right but a discretionary privilege.

IN RE FORECLOSURE OF COLE

[175 N.C. App. 653 (2006)]

**2. Attorneys— admission pro hac vice—denied—no abuse of discretion**

The trial court did not abuse its discretion by denying admission to practice pro hac vice by the attorney chosen by plaintiffs. North Carolina attorneys had not signed all of the papers filed, so that the attorney was participating in the unauthorized practice of law, and the denial was not so arbitrary that it could not be the result of a reasoned decision.

**3. Civil Procedure— voluntary dismissal—evidence not presented**

The trial court did not abuse its discretion by denying plaintiffs the opportunity to present evidence as to fraud and the statute of limitations where the record indicates that plaintiffs voluntarily dismissed their claims.

**4. Discovery— sanctions—order directing compliance—not a prerequisite**

An order directing compliance with discovery is not a prerequisite to sanctions, and the trial court here did not err by imposing sanctions against plaintiffs and their counsel for refusing to attend a deposition.

**5. Appeal and Error— assignments of error—legal issues not corresponding**

Assignments of error were dismissed where plaintiffs' questions and legal issues did not correspond to the assignments of error.

**6. Appeal and Error— assignments of error—failure to cite legal authority**

Assignments of error which did not cite legal authority were dismissed.

Appeal by plaintiffs from an order entered 14 April 2004 by Judge J. Richard Parker in Pasquotank County Superior Court. Heard in the Court of Appeals 10 October 2005.

*Moore & Moore, by Milton E. Moore; James R. Streeter, for plaintiff-appellants.*

*Hall and Horne, L.L.P., by John F. Green, II, for defendant-appellees Vestal E. Yarbrough and Shirley Yarbrough.*

**IN RE FORECLOSURE OF COLE**

[175 N.C. App. 653 (2006)]

*C. Everett Thompson, II for defendant-appellee Edward Winslow Quality Builders, Inc.*

*Mary Jane Eisenbeis for defendant-appellee H. Terry Hutchens, P.A.*

*G. Wendell Spivey for defendant-appellee Branch Banking and Trust Company.*

*Hornthal, Riley, Ellis & Maland, L.L.P., by M.H. Hood Ellis and L. Phillip Hornthal, III, for defendant-appellees Branch Banking and Trust Company, Thomas M. Neville, Patricia Davis and H. Terry Hutchens, P.A.*

HUNTER, Judge.

Hercules Cole and Celestine Cole ("plaintiffs") appeal from an order entered 14 April 2004 denying plaintiffs' counsel's Motion for Admission to Practice *Pro Hac Vice* and granting defendants' motion for sanctions and attorneys' fees. For the reasons stated herein, we affirm the judgment of the trial court.

Plaintiffs hired Waverly W. Jones ("Jones") in October 2003 to represent them in an action related to the foreclosure on their house located in Elizabeth City. Jones was licensed to practice in the state of Virginia, but did not have a North Carolina law license.

Jones first appeared on behalf of plaintiffs on 13 November 2003 before the Clerk of Superior Court of Pasquotank County at the scheduled foreclosure hearing. Jones advised the clerk he had been unable to associate with North Carolina counsel and requested a continuance, which was granted. A complaint against Branch Banking and Trust Company ("BB&T"), Thomas M. Neville, Patricia Davis, and H. Terry Hutchens (collectively "defendants-BB&T") and Jones's Motion for Admission to Practice *Pro Hac Vice* were filed with the trial court on 18 December 2003. The motion for limited admission was signed by Katherine Parker-Lowe ("Parker-Lowe"), an attorney admitted to practice in North Carolina. A hearing on the filed motions was scheduled on the first available date, 8 March 2004. The foreclosure hearing was rescheduled for 21 January 2004, however, due to the ill health of one of the opposing parties. Jones filed a motion for a preliminary injunction against defendants-BB&T on 17 January 2004, and moved at the foreclosure hearing on 21 January 2004 to allow all motions scheduled for 8 March 2004 to be heard. The clerk denied the motion to continue and proceeded with the foreclosure

hearing, ordering that the trustee could proceed to foreclose on the property. Jones filed an appeal of the order of foreclosure on behalf of plaintiffs.

Jones also filed an action on behalf of plaintiffs alleging fraud and other wrongful acts against defendants-BB&T, Vestal E. Yarbrough and Shirley Yarbrough ("defendants-Yarbrough"), and Edward Winslow Quality Builders, Inc. ("defendant-Quality Builders)" on 1 March 2004. This complaint sought specific amounts of damages in excess of $10,000.00. Defendant-Quality Builders filed a motion to dismiss the complaint on 5 March 2004.

The motions originally scheduled to be heard on 8 March 2004 were cancelled on 2 March 2004 by the trial court and moved to 12 April 2004. Notices of deposition for plaintiffs were received by Jones on 11 March 2004, and scheduled for 23 March 2004. However, on 18 March 2004, Jones requested the deposition be rescheduled, as the hearing had not yet occurred on the motion for admission to practice. Defendants-Yarbrough's attorney advised Jones on 22 March that they were unable to continue the depositions due to their clients' poor health. Plaintiffs did not appear for the scheduled deposition.

On 23 March 2004, Parker-Lowe, the associated North Carolina counsel, filed a notice of withdrawal of association by local counsel. On 26 March 2004, defendants-Yarbrough filed a motion for sanctions for failure to make discovery and motion to dismiss. On the same day, defendants-BB&T filed a motion to dismiss, motion for sanctions, and motion for attorneys' fees, and defendant-Quality Builders also filed a motion for sanctions and attorneys' fees.

On 31 March 2004, plaintiffs filed *pro se* an amended complaint against defendants, amending the amount demanded in judgment to "an amount in excess of Ten Thousand Dollars ($10,000.00)[.]" Defendant-Quality Builders filed a motion for sanctions and attorneys' fees, and defendants-Yarbrough and BB&T filed motions to dismiss and motions for sanctions and attorneys' fees. Jones again filed a motion for admission to practice *pro hac vice* which was joined by James R. Streeter ("Streeter"), a North Carolina licensed attorney, on 12 April 2004.

In a hearing on 12 April 2004, the trial court denied Jones's motion for admission to practice. The trial court also denied plaintiffs' motion for continuance made by Streeter. Plaintiffs then elected to take a voluntary dismissal on all claims. The trial court heard

the remaining motions for sanctions and attorneys' fees and found Jones to have been engaged in the unauthorized practice of law. The trial court fined Jones $5,000.00, and ordered plaintiffs and Jones to pay the attorneys' fees of opposing counsel as sanctions. Plaintiffs appeal.

## I.

**[1]** Plaintiffs first contend that the trial court's delay of nearly four months before hearing the motion for admission to practice *pro hac vice* deprived them of their fundamental right to select counsel to represent them. We disagree.

N.C. Gen. Stat. § 84-4.1 (2005) governs the limited practice of out-of-state attorneys in our North Carolina state courts. "[P]arties do not have a right to be represented in the courts of North Carolina by counsel who are not duly licensed to practice in this state. Admission of counsel in North Carolina pro hac vice is not a right but a discretionary privilege." *Leonard v. Johns-Manville Sales Corp.*, 57 N.C. App. 553, 555, 291 S.E.2d 828, 829 (1982). "The right to appear *pro hac vice* in the courts of another state is not a right protected by the Due Process Clause of the Fourteenth Amendment." *In re Smith*, 301 N.C. 621, 630, 272 S.E.2d 834, 840 (1981). "The Federal Constitution does not obligate state courts to grant out-of-state attorneys procedural due process in the grant or denial of their petition for admission to practice *pro hac vice* in the courts of the state." *Id.*

As plaintiffs have no fundamental right to select out-of-state counsel to represent them in our state courts, we find this assignment of error to be without merit.

## II.

**[2]** Plaintiffs next contend that the trial court abused its discretion by denying Jones's motion for admission to practice *pro hac vice*. We disagree.

N.C. Gen. Stat. § 84-4.1 states that the power to allow or reject an application for limited practice by an out-of-state attorney lies within the discretion of the trial court. *Id.* " '[A] trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason.' " *Smith v. Beaufort County Hosp. Ass'n.*, 141 N.C. App. 203, 210, 540 S.E.2d 775, 780 (2000) (citation omitted). " 'A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that

it was so arbitrary that it could not have been the result of a reasoned decision.' " *Id.* (citation omitted).

A review of the trial court's order fails to reveal a decision so arbitrary that it could not have been the result of a reasoned decision. Rather, the trial court noted that Jones had filed two motions for admission to practice *pro hac vice* in the various actions involved in the suit, and that North Carolina attorneys had signed statements of intent in connection with both motions. However, the trial court further found that the North Carolina attorneys had not signed other papers filed with the court regarding the related matters, and that Jones had been participating in the unauthorized practice of law "from the outset of his representation of the plaintiff." The trial court then, in its discretion, denied Jones's motion for admission to practice. As the trial court clearly set out reasons for its denial of Jones's motion, we find no abuse of discretion.

Plaintiffs contend, however, that the case of *Holley v. Burroughs Wellcome Co.,* 56 N.C. App. 337, 289 S.E.2d 393 (1982), controls. In *Holley,* the trial court found that the attorney's required affidavit under section 84-4.1 did not meet the requirements of the statute, but denied the attorney's application in the exercise of its discretion. *Id.* at 344, 289 S.E.2d at 397. This Court found that the trial court's discretionary power was not invoked until all of the requirements of the statute were met, and remanded the case for further proceedings. *Id.* at 344-45, 289 S.E.2d at 397.

*Holley* is distinguishable from the instant case, however. Here the trial court did not find that Jones had failed to meet the requirements in his motion for admission to practice. Plaintiffs' own brief to this Court concedes that Jones's motion was filed in accordance with N.C. Gen. Stat. § 84-4.1. Rather, the trial court considered Jones's properly submitted motion, but denied it in its discretion, based on Jones's unauthorized practice of law. Plaintiffs' assignment of error is overruled.

III.

[3] Plaintiffs next contend that the trial court abused its discretion in denying plaintiffs the opportunity to present at trial evidence as to fraud and the statute of limitations. We disagree.

The North Carolina Rules of Civil Procedure permit a plaintiff to take one voluntary dismissal on an action "by filing a notice of dismissal at any time before the plaintiff rests his case[.]" N.C. Gen. Stat.

§ 1A-1, Rule 41(a)(1) (2005). When the "parties confront each other face-to-face in a properly convened session of court where a written record is kept of all proceedings, there is no necessity to file a paper writing in order to take notice of a voluntary dismissal." *Danielson v. Cummings*, 300 N.C. 175, 179, 265 S.E.2d 161, 163 (1980). "In such a case, oral notice of dismissal is clearly adequate, and fully satisfies the 'filing' requirements of Rule 41(a)(i)." *Id.*

Such a voluntary dismissal is without prejudice, and "a new action based on the same claim may be commenced within one year after such dismissal[.]" N.C. Gen. Stat. § 1A-1, Rule 41(a)(1). "The effect of this provision is to extend the statute of limitations by one year after a voluntary dismissal." *Staley v. Lingerfelt*, 134 N.C. App. 294, 298, 517 S.E.2d 392, 395 (1999). "However, the rule may not be used to avoid the statute of limitations by taking a dismissal in situations where the initial action was already barred by the statute of limitations." *Id.*

Here, the record reveals that plaintiffs requested a voluntary dismissal immediately after the trial court, in its discretion, denied plaintiffs' motion for a continuance. After some discussion by defendants, plaintiffs asked the trial court for clarification as to the issue of voluntary dismissal. The trial court stated: "Your options are you can take voluntary dismissal that was suggested by Mr. Streeter of all the cases involved or we can proceed with the Motions to Dismiss. It doesn't make one bit of difference to me, not one bit of difference. Do you understand that?" Plaintiffs then conferred with their attorney and affirmed that they wished to take his advice and take a voluntary dismissal without prejudice. We find no merit to plaintiffs' contention that the trial court abused its discretion in denying plaintiffs the opportunity to present evidence as to fraud and the statute of limitations, as the record reflects that plaintiffs voluntarily chose to dismiss all of their claims pursuant to Rule 41(a). Plaintiffs' assignment of error is therefore overruled.

IV.

[4] Plaintiffs next allege that the trial court erred in imposing sanctions against plaintiffs and counsel for refusing to attend a deposition. We disagree.

Plaintiffs contend that the trial court was not authorized to award attorney's fees under N.C. Gen. Stat. § 1A-1, Rule 37(d) (2005) for plaintiffs' failure to appear for a properly noticed deposition because

defendants did not obtain an order compelling discovery. N.C. Gen. Stat. § 1A-1, Rule 37(d) states:

> (d) *Failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection.*—If a party . . . fails (i) to appear before the person who is to take his deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions a, b, and c of subsection (b)(2) of this rule. *In lieu of any order or in addition thereto, the court shall require the party failing to act to pay the reasonable expenses, including attorney's fees,* caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

*Id.* (emphasis added). In interpreting this statute, this Court has noted that "[a]n order directing compliance with discovery requests, however, is not a prerequisite to the entry of sanctions for failure to respond to discovery requests." *Cheek v. Poole*, 121 N.C. App. 370, 373, 465 S.E.2d 561, 563 (1996). "Rule 37 of the North Carolina Rules of Civil Procedure grants the court discretionary power to impose sanctions for failure to comply with discovery requests." *Rose v. Isenhour Brick & Tile Co.*, 120 N.C. App. 235, 240, 461 S.E.2d 782, 786 (1995). "It is well-settled that 'Rule 37 allowing the trial court to impose sanctions is flexible, and a "broad discretion must be given to the trial judge with regard to sanctions." ' " *Id.* (citations omitted).

Here, plaintiffs do not contest that they failed to appear for the scheduled depositions, which were properly noticed twelve days before the scheduled depositions. We note that the record contains no evidence that plaintiffs moved for a protective order. As an order directing compliance with discovery is not a prerequisite to sanctions under Rule 37(d), we find no abuse of discretion in the trial court's imposition of sanctions for plaintiffs' failure to appear for scheduled depositions.

V.

[5] In related assignments of error, plaintiffs contend that the complaints signed and filed by an out-of-state attorney are not a nullity and further contend that the filing of a notice of appeal by an out-of-state attorney in an order of foreclosure was not error.

**IN RE FORECLOSURE OF COLE**

[175 N.C. App. 653 (2006)]

Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure states:

> (6) An argument, to contain the contentions of the appellant with respect to each question presented. Each question shall be separately stated. *Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal.* Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.

N.C.R. App. P. 28(b)(6) (emphasis added). In the recent case of *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 610 S.E.2d 360, *rehearing denied*, 359 N.C. 643, 617 S.E.2d 662 (2005), our Supreme Court held that when arguments in a party's brief failed to address the issue challenged in the referenced assignment of error, as required by Rule 28(b)(6), the party's appeal should be dismissed for violation of the appellate rules. *Id.* at 401-02, 610 S.E.2d at 361.

Here, plaintiffs contend in the third question in their brief that: "III. Complaints signed and filed by attorney not authorized to practice law in North Carolina, to prevent the running of the statute of limitations period, and alleging fraud, are not a nullity." In their fourth question, plaintiffs contend: "IV. Filing notice of appeal from order of clerk allowing foreclosure on plaintiffs-appellants' home by attorney licensed in state of Virginia, was not error, where no showing of prejudice was made." For both questions presented to the Court, plaintiffs reference assignments of error 4, 5, and 6 as pertinent to the questions. Plaintiffs' questions and the legal issues they address do not correspond to assignments of error 4, 5, and 6, which allege as error the trial court's denial of the Admission to Practice *Pro Hac Vice.* As our Supreme Court has directed that "the Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule[,]" *Viar*, 359 N.C. at 402, 610 S.E.2d at 361, we dismiss these assignments of error.

VI.

[6] In their remaining assignments of error, plaintiffs contend, respectively, that the trial court abused its discretion in denying the motion for continuance made by an attorney licensed in North

**IN RE FORECLOSURE OF COLE**

[175 N.C. App. 653 (2006)]

Carolina, in forcing plaintiffs to sign a voluntary dismissal order, and in imposing sanctions against plaintiffs for defendants' attorneys' fees and sanctions against counsel for unauthorized practice of law. We also dismiss these assignments of error for failure to comply with the Rules of Appellate Procedure.

Rule 28(b)(6) of our Rules of Appellate Procedure further requires that "[t]he body of the argument and the statement of applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies." N.C.R. App. P. 28(b)(6). "The appellate courts of this state have long and consistently held that the rules of appellate practice, now designated the Rules of Appellate Procedure, are mandatory and that failure to follow these rules will subject an appeal to dismissal." *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999).

Plaintiffs have failed to cite any legal authority whatsoever in support of these arguments. Accordingly, we conclude these issues do not warrant appellate review and dismiss these assignments of error. *See Pritchett & Burch, PLLC v. Boyd*, 169 N.C. App. 118, 123, 609 S.E.2d 439, 443 (holding assignment of error abandoned for failure to cite authority in support of argument), *disc. review dismissed*, 359 N.C. 635, 616 S.E.2d 543 (2005); *Hatcher v. Harrah's N.C. Casino Co., LLC*, 169 N.C. App. 151, 159, 610 S.E.2d 210, 214-15 (2005).

In sum, we find plaintiffs were not deprived of their fundamental right to select counsel, and the trial court did not abuse its discretion in denying plaintiffs'. counsel's motion for limited admission or in imposing sanctions for failure to comply with properly requested discovery. We do not address plaintiffs' remaining assignments of error as they fail to comply with the Rules of Appellate Procedure. We, therefore, affirm the trial court's order.

Affirmed.

Chief Judge MARTIN and Judge STEELMAN concur.