PIEDMONT AND WESTERN INVESTMENT CORPORATION v. CARNES-MILLER GEAR CO., INC., JOHN E. ROBERTSON, TRUSTEE, AND FIRST UNION NATIONAL BANK

No. 8920SC59

(Filed 17 October 1989)

**Corporations § 23 (NCI3d) — corporation not in existence — title not conveyed by corporation's deed**

In an action to quiet title the trial court properly entered summary judgment for defendants since plaintiff corporation was dissolved and had no legal existence on the date of the conveyance to it, and the deed therefore could not operate to convey title to plaintiff.

**Am Jur 2d, Corporations §§ 2891-2895.**

APPEAL by plaintiff from *Crawley, Jack B., Jr., Judge.* Order entered 27 October 1988 in STANLY County Superior Court. Heard in the Court of Appeals 31 August 1989.

Plaintiff Piedmont and Western Investment Corporation instituted this civil action against defendants Carnes-Miller Gear Company, Inc., John E. Robertson, Trustee, and First Union National Bank, on 23 April 1987. Plaintiff filed a verified complaint to quiet

PIEDMONT & WESTERN INVESTMENT CORP. v. CARNES-MILLER GEAR CO.

[96 N.C. App. 105 (1989)]

title to a 4.11 acre tract of real estate located in Stanly County. Over the course of eighteen months answers, a counterclaim, amendments and affidavits were filed. On 10 October 1988 defendant Carnes-Miller Gear moved for summary judgment. Defendants First Union and John E. Robertson, Trustee, filed alternative motions for summary judgment or dismissal on 17 October 1988. The basis for these motions was that plaintiff corporation was not in existence on the date it attempted to take title to the 4.11 acres in question.

Plaintiff appeals from the trial court's grant of defendants' motions for summary judgment.

*Morton & Phillips, by James A. Phillips, Jr.; and Michael W. Taylor, for plaintiff-appellant.*

*Morton and Grigg, by Ernest H. Morton, Jr., for defendant-appellee Carnes-Miller Gear Co., Inc.*

*Hamel, Helms, Cannon & Hamel, by Christian R. Troy and Reginald S. Hamel, for defendants-appellees John E. Robertson, Trustee, and First Union National Bank.*

WELLS, Judge.

The pertinent facts are as follows: The 4.11 acre tract in question was originally part of a conveyance from S. Craig Hopkins and wife, Jewel B. Hopkins and William C. Tucker and wife, Karen W. Tucker, to Elton S. Hudson and wife, Sonia S. Hudson. This deed described two tracts of land and was recorded in Stanly County on 14 September 1979. On 12 May 1980 a deed by Elton S. Hudson and wife to Carnes-Miller Gear was recorded in Stanly County. This deed described only the 4.11 acre tract. On 12 June 1981 a deed by Elton S. Hudson and wife to Cossette S. Furr was recorded in Stanly County. This deed described the two tracts of land originally conveyed to the Hudsons by S. Craig Hopkins and wife and William C. Tucker and wife. This deed makes no mention of the 4.11 acre tract previously conveyed to Carnes-Miller Gear. On 10 May 1982 a deed by Cossette S. Furr to Piedmont and Western Investment Corporation was recorded in Stanly County. This deed described the two tracts of land conveyed to Cossette S. Furr by the Hudsons. There was no mention of the 4.11 acre tract previously conveyed to Carnes-Miller Gear. On 23 December 1986 a deed of trust by Carnes-Miller Gear to John E. Robertson, Trustee, for First Union National Bank was recorded in Stanly

PIEDMONT & WESTERN INVESTMENT CORP. v. CARNES-MILLER GEAR CO.

[96 N.C. App. 105 (1989)]

County. The deed of trust described the 4.11 acres in question. It is the conveyance to the plaintiff corporation from Cossette S. Furr which the defendants' summary judgment motions alleged as ineffective.

The issue before us is whether the trial court erred in granting defendants' motions for summary judgment.

The party moving for summary judgment is entitled to such judgment if it can show, through pleadings, affidavits, and other materials before the court, that there is no genuine issue of material fact for trial and that it is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (1983 & Supp. 1988); *Hagler v. Hagler*, 319 N.C. 287, 354 S.E.2d 228 (1987). In this case the defendants were entitled to summary judgment if the facts show that plaintiff corporation had no legal existence at the time of the conveyance from Cossette S. Furr.

It is undisputed that Piedmont and Western Investment Corporation was originally issued a corporate charter by the Secretary of State of North Carolina on 3 May 1968. This charter was subsequently suspended by the Secretary of State pursuant to N.C. Gen. Stat. § 105-230 (1973) (current version at § 105-230 (1985 & Supp. 1988)) on 19 September 1975. (This statute was amended in 1987, however, the amendment does not affect this case.) On 28 June 1982 a new charter was issued by the Secretary of State to Piedmont and Western Investment Corporation.

G.S. § 105-230 provides for cancellation of a corporation's charter for failure to file any report or return or to pay any tax or fee as required by the Department of Revenue. By taking action pursuant to G.S. § 105-232 (1985 & Supp. 1988), the suspended charter may be reinstated. If a suspended charter is not reinstated within five years, the corporation is automatically dissolved. N.C. Gen. Stat. § 55-114(a)(4) (1982 & Supp. 1988).

Plaintiff corporation's original charter was dissolved on 19 September 1980. Some eighteen months later on 18 March 1982 Cossette S. Furr attempted to convey property to plaintiff corporation. At the time of the attempted conveyance the plaintiff corporation was dissolved and had no legal existence. To be operative as a conveyance, a deed must designate as grantee [a living ·or] a legal person. *Byrd v. Patterson*, 229 N.C. 156, 48 S.E.2d 45 (1948); *See also Morton v. Thornton*, 259 N.C. 697, 131 S.E.2d 378 (1963).

Because the plaintiff corporation had no legal existence on the date of the conveyance the deed could not operate to convey title to plaintiff.

Our decision is in accord with other jurisdictions which have addressed the identical situation. *See, e.g., James v. Unknown Trustees, Successors and Assigns of Three-in-One Oil and Gas Company*, 203 Okla. 312, 220 P.2d 831 (1950) (A valid deed requires a grantee with a legal existence and cannot be made to a corporation which at the time is dissolved and has ceased to exist.); *Klortine v. Cole, et al.*, 121 Or. 76, 252 P. 708, 254 P. 200 (1927); (A dissolved corporation has no capacity to take title and any such attempted conveyance is null and void.). *See also* Annotation, *Death, or Extinction of Corporate Existence of Grantee, or One of the Grantees, Prior to Execution of Deed*, 148 A.L.R. 252 (1944).

While G.S. § 55.114(b) does provide that a dissolved corporation continues to function for the limited purpose of winding up its affairs, we reject plaintiff's contention that the acquisition of new property is incident to the winding up process. Likewise, plaintiff-corporation's reincorporation on 28 June 1982 did not retroactively validate the conveyance. A reincorporated corporation succeeds only to property owned by the original corporation prior to the loss of its charter. G.S. § 55-164.1 (1982).

In order to prevail in its action to quiet title plaintiff had to show the strength of its own title rather than rely on the weakness of defendant Carnes-Miller's title. *See Seawell v. Fishing Club*, 249 N.C. 402, 106 S.E.2d 486 (1959); *Norman v. Williams*, 241 N.C. 732, 86 S.E.2d 593 (1955). Therefore, we do not address the questions regarding defendant's title raised on appeal.

The decision of the trial court is

Affirmed.

Judges PHILLIPS and PARKER concur.