GIFFORD v. LINNELL

[157 N.C. App. 530 (2003)]

PATRICIA L. GIFFORD, Plaintiff v. BETH L. LINNELL, Individually and as Trustee of the Droffig Family Trust, and WILLIAM P. GIFFORD, Sr., Individually and as Trustee of the Droffig Family Trust, Defendants

No. COA02-521

(Filed 6 May 2003)

**1. Deeds— necessity of grantee—transfer to non-existent trust**

A deed was void for lack of a grantee on the date of conveyance where the deed specified that the property was being conveyed to the trustee of a trust which was not then in existence. The language of the deed made clear that the property was conveyed to the trustee only in her representative and not her individual capacity.

**2. Statutes of Limitation and Repose— fraud and misrepresentation—void deed**

Summary judgment should have been granted for defendants on fraud and misrepresentation claims based on a void deed to a trust because plaintiff failed to bring her action within the statute of limitations. A three-year statute of limitations applies to plaintiff's claims, which arose from her transfer of property to what she thought was a revocable trust, but she did not bring her action until nine years after she learned that the trust was irrevocable.

Appeal by defendants from judgment entered 13 February 2002 by Judge James R. Vosburgh in Carteret County Superior Court. Heard in the Court of Appeals 30 January 2003.

*Mason & Mason, P. A., by L. Patten Mason, for plaintiff-appellee.*

*Bryant and Stanley, by Richard L. Stanley, for defendant-appellants.*

HUNTER, Judge.

Beth L. Linnell ("defendant Linnell") and William P. Gifford, Sr. ("defendant Gifford") (collectively "defendants"), in their individual capacities and as trustees of the Droffig Family Trust, appeal the trial court's grant of summary judgment in favor of their mother, Patricia L. Gifford ("plaintiff"), after the court concluded that a deed executed

by plaintiff to defendants as trustees was void *ab initio*. We reverse the trial court for the reasons stated herein.

Plaintiff executed two deeds on 13 January 1992; one deed pertained to property located in Barnstable County, Massachusetts, and the other pertained to property located in Carteret County, North Carolina. Both deeds were a conveyance by plaintiff to defendant Linnell as "Trustee of Droffig Family Trust." On 16 January 1992, plaintiff executed a trust agreement entitled "Indenture of Trust[,] Droffig Family Trust" that appointed defendant Linnell and defendant Gifford as trustees of the Droffig Family Trust. Plaintiff signed the trust agreement and alleged that the attorney who prepared the agreement advised her that it was revocable and could be terminated by plaintiff at any time. The deed and trust agreement for the North Carolina property remained with that attorney and were recorded at the Register of Deeds of Carteret County on 14 June 1993, approximately eighteen months after their execution.

Following the conveyance, plaintiff attempted to sell the Massachusetts property. At that time, however, she learned that the trust was purportedly irrevocable. Defendants voluntarily reconveyed the Massachusetts property to plaintiff on 30 April 1992 so that plaintiff could sell her interest in the property.

At some point, plaintiff learned that the Droffig Family Trust did not actually exist until 16 January 1992, three days after the deed to the North Carolina property was executed. Plaintiff subsequently filed a complaint on 27 March 2001 alleging, *inter alia*:

7. Contrary to her understanding and as a result of misrepresentation and fraud, the plaintiff executed a document entitled "Droffig Family Trust" which was signed by the plaintiff on the 16th day of January, 1992.

8. At the time that the plaintiff executed the deed . . . the Droffig Family Trust did not exist and, therefore, the grantee of said deed was not a legal entity and the deed, therefore, could not operate to convey title to the defendants either individually or as trustees.

. . . .

11. Since the deed above referenced conveyed property to a trust which did not exist at the time of said conveyance, the deed . . . is void ab initio.

GIFFORD v. LINNELL

[157 N.C. App. 530 (2003)]

Defendants timely answered and raised several defenses such as estoppel and the statute of limitations. Thereafter, defendants filed a motion for summary judgment on 28 December 2001, followed by plaintiff filing her own motion for summary judgment on 10 January 2002. Both parties' motions were accompanied by affidavits and other supporting documentation.

The summary judgment hearing was held on 28 January 2002. In a judgment filed 13 February 2002, the trial court granted plaintiff's motion for summary judgment after concluding the deed to the North Carolina property was "an unlawful cloud on Plaintiff's title and . . . void ad initio[.]" Defendants appeal.

The two assignments of error brought forth by defendants involve issues regarding a motion for summary judgment. On an appeal from a grant of summary judgment, this Court reviews the trial court's decision *de novo. Falk Integrated Tech., Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 574 (1999). Thus, when viewing the evidence in the light most favorable to the non-movant, we must determine whether the trial court properly concluded that the moving party showed, through pleadings and affidavits, that there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998).

I.

[1] Defendants initially argue the trial court erred in granting summary judgment in favor of plaintiff because there were genuine issues of material fact as to whether the deed was delivered to them, via the attorney, and executed on the condition that the Droffig Family Trust would be executed thereafter.

"The word 'deed' ordinarily denotes an instrument in writing, signed, sealed, and delivered by the grantor, whereby an interest in realty is transferred from the grantor to the grantee." *Ballard v. Ballard*, 230 N.C. 629, 632-33, 55 S.E.2d 316, 319 (1949). North Carolina clearly recognizes that delivery of a deed can be absolute or conditional. James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* § 10-53, at 437 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 5th ed. 1999). One such conditional delivery occurs " '[w]hen the maker of a deed delivers it to some third party for the grantee, parting with the possession of it, without any condition or any direction as to how he shall hold it for him, and without in

GIFFORD v. LINNELL

[157 N.C. App. 530 (2003)]

some way reserving the right to repossess it[.]' " *Buchanan v. Clark*, 164 N.C. 56, 63, 80 S.E. 424, 427 (1913). In that instance, " 'the delivery is complete and the title passes at once, although the grantee may be ignorant of the facts, and no subsequent act of the grantor or any one else can defeat the effect of such delivery[.]' " *Id.*

However, this Court has clearly held that "[t]o be operative as a conveyance, a deed must designate as grantee [a living or] a legal person[]" on the date of conveyance. *Piedmont & Western Investment Corp. v. Carnes-Miller Gear Co.*, 96 N.C. App. 105, 107, 384 S.E.2d 687, 688 (1989) (holding that where a deed attempted to convey property to a plaintiff corporation during that plaintiff's administrative suspension, the deed could not operate to convey title because the plaintiff had no legal existence on the date of the conveyance). *See also* James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* § 10-26, at 411 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 5th ed. 1999) (stating "[i]n order for a deed to be valid it must designate an existing person or legal entity as the grantee who is capable of taking title to the real property at the time of the execution of the deed" (footnote omitted)). Therefore, before determining whether delivery of a deed (conditional or otherwise) was actually effective, we must first determine whether there is a living or legal person to whom that deed could be delivered.

Here, the deed specified that the property was being conveyed to "[defendant] Linnell, Trustee of Droffig Family Trust[.]" The parties do not dispute that the trust was not in existence on the date plaintiff conveyed the property by deed. That lack of existence resulted in the deed failing to identify a valid grantee that was capable of taking title to the North Carolina property. Defendants offered no evidence that the deed's subsequent "delivery," via the attorney, was conditioned on the trust becoming a valid grantee three days after the deed was executed.

Nevertheless, defendants further contend that since the deed specified that the property was being conveyed to "[defendant] Linnell, Trustee of Droffig Family Trust[,]" defendant Linnell was designated as a valid grantee to whom that deed could be delivered because she is a "living person." Yet, the use of the words "Droffig Family Trust" following the trustee's name and the language of the trust agreement itself indicate that the property was conveyed to defendant Linnell only in her representative capacity and not in her individual capacity. *See Freeman v. Rose*, 192 N.C. 732, 135 S.E. 870 (1926). Thus, we cannot overlook the fact that defendant Linnell was

not the intended grantee at the time of the deed's execution, but was actually the representative of a non-existing legal entity.

Accordingly, the deed was void for lack of a grantee on the date of the conveyance.

## II.

[2] Defendants also argue that even if the Droffig Family Trust was not a living or legal entity at the time of the conveyance, summary judgment should have been granted in their favor because plaintiff is estopped from denying the validity of the deed, and plaintiff's claim that she executed the deed "[c]ontrary to her understanding and as a result of misrepresentation and fraud[]" is barred by the statute of limitations. Since our Supreme Court has previously held that a void deed cannot be the basis of an estoppel, *see Fisher v. Fisher*, 218 N.C. 42, 9 S.E.2d 493 (1940), we need only address defendants' statute of limitations argument.

"The statute of limitations is 'inflexible and unyielding,' and the defendants are vested with the right to rely on it as a defense." *Staley v. Lingerfelt*, 134 N.C. App. 294, 299, 517 S.E.2d 392, 396 (1999) (citation omitted). In North Carolina, claims alleging fraud or mistake are governed by a three-year statute of limitations. N.C. Gen. Stat. § 1-52(9) (2001). A cause of action grounded on either "shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." *Id.* "The trial court has no discretion when considering whether a claim is barred by the statute of limitations." *Staley*, 134 N.C. App. at 299, 517 S.E.2d at 396.

In the case *sub judice*, defendants contend that plaintiff's claims for misrepresentation and fraud are time barred because she learned the trust was irrevocable when she attempted to sell the Massachusetts property in April of 1992, approximately nine years prior to the filing of her complaint. The evidence in the record supports defendants' contention, especially in light of plaintiff's failure to forecast evidence to the contrary. *See Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (providing that "[o]nce a defendant has properly pleaded the statute of limitations, the burden is then placed upon the plaintiff to offer a forecast of evidence showing that the action was instituted within the permissible period after the accrual of the cause of action"). Further, plaintiff has also failed to cite, and this Court has not found, any case law or statutory authority that clearly precludes the statute of limita-

tions from being applicable in a situation where a deed is deemed void for failure to identify a valid grantee on the date of conveyance. Therefore, we conclude a three-year statute of limitations applies to plaintiff's claims for misrepresentation and fraud which results in her action being barred. To hold otherwise would result in there being no applicable statute of limitations to address the issue presented by the facts in this case.

For the aforementioned reasons, we conclude that although the trial court properly determined the deed was void, summary judgment should have been granted in favor of defendants due to plaintiff's failure to initiate her action within the prescribed statute of limitations period.

Reversed.

Judges McGEE and CALABRIA concur.