CALABRIA, Judge.
Daryl O. Sutton ("Sutton") and Shonda J. Sutton ("Shonda") (collectively, "respondents") appeal from an order allowing the substitute trustee to proceed with a foreclosure by power of sale under the terms of respondents' Deed of Trust. We affirm.
On 14 April 2005, Sutton executed a promissory note in favor of First NLC Financial Services, LLC ("First NLC") in the original principal amount of $136,000.00 to purchase 3802 King Edward Court, a residential property in Greensboro, North Carolina. The note was secured by a deed of trust that was signed by Sutton and his wife, Shonda, and recorded 22 April 2005 in Book 6297 at page 1933 of the Guilford County Register of Deeds (the "Deed of Trust"). The Deed of Trust secured repayment of the $136,000.00 and all renewals, extensions, and modifications of the note. The note was subsequently indorsed to the Bank of New York Mellon F/K/A the Bank of New York, as successor in interest to JP Morgan Chase Bank, N.A., as trustee for First NLC Trust 2005-2 Mortgage Backed Certificates, Series 2005-2 ("BONY"). In June 2008, Sutton entered into a loan modification agreement with BONY. On 30 March 2012, First NLC, by its attorney-in-fact Ocwen Loan Servicing, LLC ("Ocwen"), assigned the Deed of Trust to BONY. The assignment provided that BONY was assigned "in trust, all of the rights, title and interest of [First NLC] in and to" the Deed of Trust securing Sutton's promissory note.
Due to failure to make timely payments, Sutton's note was in default. On 2 November 2011, Substitute Trustee Services, Inc., as substitute trustee ("substitute trustee"), filed a petition and notice of hearing to exercise the power of sale in the Deed of Trust by foreclosing on respondents' property. BONY, as the holder of the note, offered Sutton the opportunity to cure the default by paying the past due indebtedness plus other costs. On 25 July 2012, the Guilford County Assistant Clerk of Superior Court ("the Clerk") found that BONY was the holder of the note, that Sutton owed a valid debt, that the note was in default, that notice had been served on the record owners, and that Sutton had not shown any valid reason why foreclosure should not commence. The Clerk concluded that the substitute trustee could proceed, give notice, and conduct a foreclosure sale. Respondents appealed to Guilford County Superior Court.
After a hearing before the Guilford County Superior Court, the court found, inter alia,that the note, originally held by First NLC, had been indorsed to BONY. The court also found that the Vice President of First NLC had indorsed the note "without recourse, pay to the order of BONY[.]" The court concluded that BONY was the holder of the note, a valid debt existed, the note was in default, that the note holder had the right to foreclose under a power of sale, that the notice of hearing for foreclosure had been properly served on all record owners of the property, and that respondents had shown no valid reason why foreclosure should not commence. Respondents appeal.
On appeal, respondents argue that there was insufficient evidence that BONY was the holder of the note, and therefore erred in entering the order allowing the foreclosure sale. According to respondents, First NLC was not in existence on 30 March 2012, because First NLC was terminated and never reinstated after 27 January 2006. We disagree.
"The applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support the trial court's findings of fact and whether the conclusions reached were proper in light of the findings." In re Foreclosure of Adams,204 N.C.App. 318, 320, 693 S.E.2d 705, 708 (2010) (citation omitted). "Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding." Id.at 321, 693 S.E.2d at 708 (citations omitted).
In a power of sale foreclosure proceeding,
the lender bears the burden of proving four elements that must be established in order for the clerk of court to authorize the mortgagee or trustee to proceed with the foreclosure: (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled to such[.]
Id.,693 S.E.2d at 709 (citing N.C. Gen.Stat. § 45-21.16(d) (2009) ). "This Court has determined that the definition of 'holder' in North Carolina's adoption of the Uniform Commercial Code ("UCC") is applicable to the term as it is used in N.C.G.S. § 45-21.16 for foreclosures under powers of sale." Id.at 322, 693 S.E.2d at 709. Pursuant to N.C. Gen.Stat. § 25-1-201(b)(21)(a), "holder" means "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" N.C. Gen.Stat. § 25-1-201(b)(21)(a) (2013).
As an initial matter, respondents do not dispute the validity of the debt, but contend that the note was not properly transferred from First NLC to BONY because First NLC was terminated in January 2006, and was therefore unable to indorse or assign the note to BONY in 2012. Respondents fail to understand the legal implications of deregistration with the Securities and Exchange Commission ("SEC"). Deregistration is not termination of legal existence, but merely serves to remove the specific entity as a registered security with the SEC, and removes certain reporting requirements. The document respondents cite as evidence that the trust was terminated specifically indicates that it is a Form 15, "Certification and Notice of Termination of Registration ... Or Suspension of Duty to File Reports[.]" The form cites 17 C.F.R. § 240-12h-3(b)(1)(i) and 17 C.F.R. § 240-15d-6 as the rules relied upon to terminate or suspend First NLC's duty to file reports with the SEC. First NLC merely sought to be removed as a registered security and suspended its duty to submit reports to the SEC. Therefore, First NLC had the authority to indorse and assign the note to BONY in 2012, and BONY is the holder of the note.
Respondents rely on Gifford v. Linnel,157 N.C.App. 530, 579 S.E.2d 440 (2003), and In re Adams,204 N.C.App. 318, 693 S.E.2d 705 (2010), to support their argument that the substitute trustee failed to provide sufficient evidence that BONY was the holder of the note. Respondents' cases, however, are distinguishable. In Gifford,the plaintiff executed a deed to one of the defendants as trustee for a trust that was not in existence until three days after the property was conveyed to the trust. 157 N.C.App. at 531, 579 S.E.2d at 441. Unlike Gifford,there is no evidence that the trust in the instant case was not in existence at the time the note was indorsed.
In In re Adams,the substitute trustee in a foreclosure proceeding presented photocopies of the original Note and Deed of Trust identifying the original lender as the holder of the note. 204 N.C.App. at 320, 693 S.E.2d at 708. However, the photocopies did not indicate that the original lender had indorsed the note to the petitioner. On appeal, this Court held that since the substitute trustee failed to present evidence that the original lender had indorsed or transferred the note to the petitioner, the evidence was not sufficient to support the trial court's determination that the original lender had transferred and assigned its interest in the note and Deed of Trust to the petitioner. Id.at 325, 693 S.E.2d at 711.
Unlike In re Adams,in the instant case, the trial court found that there was sufficient evidence to establish that BONY is the current holder of the note because (1) BONY had possession of the original note and produced it in court; (2) the Vice President of First NLC had indorsed the note to BONY; and (3) BONY presented a sworn affidavit from Ocwen attesting that BONY held the note on the date the notice of foreclosure hearing was filed. At the hearing before the Superior Court, the substitute trustee presented an affidavit dated 18 July 2013 by Krystle Hernandez ("Hernandez"), a contract management coordinator for Ocwen. Hernandez stated in her affidavit that she had "knowledge and/or access to [Ocwen's] business records regarding the Note and Deed of Trust" in the matter, and that she had personal knowledge of the matter through her personal review of those records. Hernandez stated that BONY was the holder of the note, and that BONY was in possession and control of the original note at the time the foreclosure action was initiated. Hernandez further stated that BONY had delivered the original note to its attorneys to present to the court. Attached to Hernandez's affidavit were a copy of the Deed of Trust and "[a]n accurate and complete copy" of the original note. The copy of the note attached to Hernandez's affidavit included the signature of First NLC's Vice President authorizing the indorsement to BONY. Respondents correctly cite In re Foreclosure by David A. Simpson, P.C.,211 N.C.App. 483, 711 S.E.2d 165 (2011), for the presumption that mere possession of the original note is insufficient to prove that an entity is the note holder. However, in In re Simpson,the original notes were (1) not drawn, issued, or indorsed to the petitioner or to bearer, and (2) the trial court neglected to make a finding in its order as to which party had possession of the note at the hearing. Id.at 492, 711 S.E.2d at 172. In the instant case, the note had been indorsed to BONY by the Vice President of First NLC and was accompanied by a sworn affidavit from the loan servicer indicating that BONY was in fact the holder of the note. Therefore, the substitute trustee presented sufficient evidence to show that First NLC had indorsed and transferred its interest in the note to BONY, making BONY the holder of the note at the time of the foreclosure proceedings.
Because the substitute trustee in the instant case presented evidence that First NLC had indorsed and transferred its interest in the note to BONY in the form of both an affidavit attesting that BONY was the holder of the note as well as the original note at the hearing, the substitute trustee presented competent evidence to support the trial court's finding that BONY was the holder of the note. Therefore, the trial court properly ordered the substitute trustee to proceed to foreclose by power of sale under the terms of respondents' Deed of Trust.
AFFIRMED.
Judges STROUD and McCULLOUGH concur.
Report per Rule 30(e).
Opinion
Appeal by respondents from order entered 27 January 2014 by Judge V. Bradford Long in Guilford County Superior Court. Heard in the Court of Appeals 18 November 2014.