LUTHER FISHER, Plaintiff v. ROBERT J. ANDERSON, TRACY J. HENJUM, STANTON J. SMITH, Defendants

No. COA08-468

(Filed 21 October 2008)

**Enforcement of Judgments— 10-year statute of limitations— not extended by 30-day stay of execution**

The automatic stay of a judgment from execution for thirty days from entry of the judgment to allow time for notice of appeal set forth in N.C.G.S. § 1A-1, Rule 62(a) is not a "statutory prohibition" under N.C.G.S. § 1-234 and does not extend the 10-year statute of limitations provided by N.C.G.S. 1-47(1) for commencing an action to enforce a judgment.

Appeal by plaintiff from an order entered 14 January 2008 by Judge David S. Cayer in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 September 2008.

*Vongxay Law Firm, PLLC, by Bounthani Vongxay, for plaintiff-appellant.*

*Leslie C. Rawls, for defendants-appellees.*

CALABRIA, Judge.

Luther Fisher ("plaintiff") appeals the trial court's order denying his motion for summary judgment and dismissing his complaint for failure to state a claim based upon the expiration of the statute of limitations. We affirm.

Plaintiff alleges he is the assignee of a judgment ("the judgment") entered on 14 August 1997 against Robert Anderson, Tracy Henjum and Stanton Smith (collectively referred to as "defendants"). On 24 August 2007, plaintiff filed a complaint ("the complaint") seeking to enforce the judgment pursuant to N.C. Gen. Stat. § 1-47. Defendants moved to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, on the grounds that the complaint was filed more than ten years after the entry of the judgment. Plaintiff moved for summary judgment and asked the court to deny defendants' motion to dismiss.[1] On 14

---

1. In his "Motion for Summary Judgment," plaintiff referenced Rule 12(c) of the North Carolina Rules of Civil Procedure governing motion for judgment on the pleadings. The trial court treated the motion as one for summary judgment.

**FISHER v. ANDERSON**

[193 N.C. App. 438 (2008)]

January 2008, the trial court granted defendants' motion and dismissed plaintiff's action for failure to state a claim upon which relief can be granted. The trial court also denied plaintiff's motion for summary judgment. From this order, plaintiff appeals.

## I. Standard of Review

In his brief, plaintiff's argument addresses only defendant's motion to dismiss. Accordingly, our review is limited to whether the trial court erred in granting defendant's motion to dismiss. *See* N.C. R. App. P. 28(b)(6) (2007) (assignments of error for which no argument or authority is cited are deemed abandoned).

The standard of review of a motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure is " 'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. [. . .]' " *Block v. County of Person*, 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000) (quoting *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987)).

"A statute of limitations defense may properly be asserted in a Rule 12(b)(6) motion to dismiss if it appears on the face of the complaint that such a statute bars the claim." *Horton v. Carolina Medicorp, Inc.*, 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996) (citation omitted). "Once a defendant raises a statute of limitations defense, the burden of showing that the action was instituted within the prescribed period [rests] on the plaintiff. A plaintiff sustains this burden by showing that the relevant statute of limitations has not expired." *Id.* "The statute of limitations [defense] is 'inflexible and unyielding,' and the defendants are vested with the right to rely on it as a defense." *Staley v. Lingerfelt*, 134 N.C. App. 294, 299, 517 S.E.2d 392, 396 (1999) (citation omitted). "The trial court has no discretion when considering whether a claim is barred by the statute of limitations." *Id.*

## II. Analysis

Plaintiff argues the trial court erred in granting defendants' motion to dismiss because Rule 62(a) of the North Carolina Rules of Civil Procedure, when read in conjunction with N.C. Gen. Stat. § 1-234, operates to toll the statute of limitations by thirty days. We disagree.

"When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its

plain and definite meaning." *Lemons v. Old Hickory Council*, 322 N.C. 271, 276, 367 S.E.2d 655, 658 (1988).

The statute of limitations for commencement of an action upon a judgment "or decree of any court of the United States, or of any state or territory thereof," is within ten years "from the date of its entry." N.C. Gen. Stat. § 1-47(1) (2007); *see also* N.C. Gen. Stat. § 1-46 (2007) ("The periods prescribed for the commencement of actions, other than for recovery of real property, are as set forth in this Article."). Pursuant to Rule 58 of the North Carolina Rules of Civil Procedure, a judgment is entered when "it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2007).

N.C. Gen. Stat. § 1-234 provides, in relevant part, as follows:

Upon the entry of a judgment under G.S. 1A-1, Rule 58 . . . directing in whole or in part the payment of money, the clerk of superior court shall index and record the judgment on the judgment docket of the court of the county where the judgment was entered. . . . The judgment is a lien on the real property in the county where the same is docketed of every person against whom any such judgment is rendered, and which he has at the time of the docketing thereof in the county in which such real property is situated, or which he acquires at any time thereafter, for 10 years from the date of the entry of the judgment . . . in the county where the judgment was originally entered. But the time during which the party recovering or owning such judgment shall be, or shall have been, restrained from proceeding thereon by an order of injunction, or other order, or by the operation of any appeal, or by a statutory prohibition, does not constitute any part of the 10 years aforesaid, as against the defendant in such judgment . . . .

N.C. Gen. Stat. § 1-234 (2007).

We note that the ten-year period referred to in N.C. Gen. Stat. § 1-234 governs judgment liens on real property. Nothing in the plain language of N.C. Gen. Stat. § 1-234 indicates the limitations on the duration of a judgment lien should apply to the statutory period set forth in N.C. Gen. Stat. § 1-47(1). Here, plaintiff alleged the judgment against defendants was entered on 14 August 1997. N.C. Gen. Stat. § 1-47(1) required plaintiff to file his complaint within ten years of 14 August 1997. Since plaintiff filed his complaint on 24 August 2007, he failed to assert his claim within the ten-year statute of limitations and his complaint was properly dismissed.

## FISHER v. ANDERSON

[193 N.C. App. 438 (2008)]

Assuming *arguendo*, that the legislature intended the limitation for the duration of a judgment lien outlined in N.C. Gen. Stat. § 1-234 to apply to the ten-year statute of limitations in N.C. Gen. Stat. § 1-47, plaintiff failed to demonstrate N.C. Gen. Stat. § 1-234 applies to the facts in this case. Plaintiff did not allege that enforcement of the judgment was restrained by an injunction, order, appeal, or statutory prohibition. *Compare Adams v. Guy*, 106 N.C. 275, 278-79, 11 S.E. 535, 536 (1890) (plaintiff's execution on a dormant judgment is not barred by the statute of limitations where defendant's appeal restrained plaintiff from enforcing the judgment within ten years) with *Exum v. R.R.*, 222 N.C. 222, 224, 22 S.E.2d 424, 425 (1942) (appeal of denial of a motion to set aside a judgment did not toll the ten-year statute of limitations because no restraint on enforcement of judgment was effected by the appeal).

Plaintiff argues that Rule 62(a) operates as a "statutory prohibition" under N.C. Gen. Stat. § 1-234 to restrain enforcement of the judgment. We disagree.

Rule 62(a) governs a stay of proceedings to enforce a judgment and provides: "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of the time provided in the controlling statute or rule of appellate procedure for giving notice of appeal from the judgment." N.C. Gen. Stat. § 1A-1, Rule 62(a) (2007). Under this rule, judgments are automatically stayed from execution for thirty days from entry of the judgment. N.C.R. App. P. 3(c) (2007). Nothing in the plain language of Rule 62(a) indicates the legislature intended the automatic stay from execution to add thirty days to the ten-year statute of limitations on commencing an action to enforce a judgment. Furthermore, our Supreme Court has held that issuance of an execution does not operate to toll the ten-year duration of a judgment lien. *McCullen v. Durham*, 229 N.C. 418, 428, 50 S.E.2d 511, 519 (1948); *Cheshire v. Drake*, 223 N.C. 577, 583, 27 S.E.2d 627, 630 (1943). If the issuance of an execution does not prolong the life of a judgment lien, it follows that the thirty-day stay on the issuance of an execution or proceedings to enforce the judgment would also not operate to toll the statute of limitations for commencement of an action to enforce a judgment. We affirm the trial court's order.

Affirmed.

Judges McCULLOUGH and TYSON concur.