IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-409

No. COA21-484

Filed 21 June 2022

Guilford County, No. 19CVS7663

K&S RESOURCES, LLC, Plaintiff,

v.

JEANETTE DAVIS GILMORE, Defendant.

Appeal by defendant from judgment and order entered 1 June 2021 by Judge William A. Wood in Guilford County Superior Court.  Heard in the Court of Appeals 8 March 2022.

> *Brown, Faucher, Peraldo & Benson, PLLC, by Drew Brown, for defendant-appellant.*
>
> *Gordon Law Offices, by Harry G. Gordon, for plaintiff-appellee.*

GORE, Judge.

¶ 1        Defendant Jeanette Davis Gilmore appeals from the trial court's Judgment and Order denying her Motion for Summary Judgment and granting Summary Judgment in favor of plaintiff assignee K&S Resources, LLC.  We reverse.

## I.    Factual and Procedural Background

¶ 2        On 9 August 2019, plaintiff filed its Complaint in this action as "a suit on Judgment."  Plaintiff aims to renew a prior amended judgment against defendant, 08

CVS 7912, filed 29 September 2009 *nunc pro tunc* to 20 July 2009. As an affirmative defense, defendant pled plaintiff's action is barred by the 10-year statute of limitations and repose.

¶ 3    Pertinent to the instant appeal, this Court previously affirmed the trial court's 2009 amended judgment by unpublished opinion in *Henry James Bar-Be-Que v. Gilmore*, No. COA10-729, 2011 N.C. App. LEXIS 617 (Ct. App. Apr. 5, 2011) (unpublished), *disc. rev. denied*, 365 N.C. 206, 710 S.E.2d 17 (N.C. 2011). In the prior action,

> Henry James Bar-Be-Que, Inc., ([the] Plaintiff) filed a complaint on 4 June 2008 seeking to recover damages from Jeanette Davis Gilmore (Defendant) for breach of a commercial lease in the amount of $866,515.64. [The] Plaintiff also sought attorneys' fees in the amount of $129,977.35, as well as costs. This matter was tried before the trial court judge at the 27 April 2009 Civil Session of Superior Court, Guilford County. The trial court entered judgment in favor of [the] Plaintiff on 20 July 2009.

*Id.* at *1. "Defendant moved to amend the judgment on 30 July 2009, and the trial court entered an amended judgment on 29 September 2009, *nunc pro tunc* 20 July 2009. In its amended judgment, the trial court made additional findings of fact and conclusions of law . . . ." *Id.* at *5.

¶ 4    Both the original judgment filed 20 July 2009, and amended judgment filed 29 September 2009 *nunc pro tunc* 20 July 2009,

> order[ed] that [the] Plaintiff recover (1) the principal sum

of $687,298.22, (2) pre-judgment accrued interest in the amount of $303,617.65, and (3) interest at the rate of eight percent per annum from 20 July 2009 until paid. The trial court also ordered Defendant to pay Plaintiff's reasonable attorney's fees in the amount of fifteen percent of the amount owed, from the date the action was commenced, which amount was $127,438.06.

*Id.* at *1-2. This Court affirmed. *Id.* at *24.

The plaintiff in 08 CVS 7912, Henry James Bar-Be-Que, Inc., proceeded with execution under the amended judgment but was unsuccessful in collecting any amount. On or about 14 April 2016, Henry James Bar-Be-Que, Inc., assigned the 2009 amended judgment to plaintiff K&S Resources, LLC. The assignment of judgment was duly recorded with the Register of Deeds pursuant to N.C. Gen. Stat. § 1-246.

In the instant appeal, the trial court ultimately heard Cross-Motions for Summary Judgment on 18 May 2021. In an Order and Judgment filed 1 June 2021, the trial court concluded from the record that there is no genuine issue as to any material fact, and that plaintiff is entitled to judgment as a matter of law. The trial court denied defendant's Motion for Summary Judgment, granted Summary Judgment in favor of plaintiff, and awarded plaintiff recovery in the sum of $1,651,471.94 plus additional interest on the principal sum of $687,298.22 at the legal rate of eight percent (8%) per annum from 1 August 2019 until paid, plus the costs of this action.

¶ 7        On 22 June 2021, defendant timely filed notice of appeal.

## II.    Summary Judgment

¶ 8        On appeal, defendant argues the trial court erred in denying her Motion for Summary Judgment and granting Summary Judgment in favor of plaintiff. Specifically, defendant asserts plaintiff's action is time-barred because the 10-year statute of limitations on the commencement of a new action accrued from the original judgment entered 20 July 2009, and the subsequent amended Judgment, filed 29 September 2009 *nunc pro tunc* 20 July 2009, did not expand or toll the applicable 10-year statute of limitations.  Thus, defendant contends, the wrong party prevailed.

### A.  Standard of Review

¶ 9        "The standard of review for summary judgment is de novo."  *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation omitted).

### B.  Statute of Limitations

¶ 10        In this case, plaintiff assignee filed a Complaint in Action to renew a prior judgment against defendant.  North Carolina General Statutes § 1-47(1) governs the statute of limitations on the renewal of a prior judgment, for other than real property. The statute provides:

> Within *ten years* an action . . . [u]pon a judgment or decree
> of any court of the United States, or of any state or territory
> thereof, *from the date of its entry*.  No such action may be
> brought more than once, or have the effect to continue the
> lien of the original judgment."

N.C. Gen. Stat. § 1-47(1) (2020) (emphasis added); *see also* § 1-46 (2020) ("The periods prescribed for the commencement of actions, other than for the recovery of real property, are as set forth in this Article."). "[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court . . . ." N.C. R. Civ. P. 58.

¶ 11 "The question whether a cause of action is barred by the statute of limitations is a mixed question of law and fact. When a defendant asserts the statute of limitations as an affirmative defense, the burden rests on the plaintiff to prove that his claims were timely filed." *White v. Consol. Planning, Inc.*, 166 N.C. App. 283, 305, 603 S.E.2d 147, 162 (2004) (citation and quotation marks omitted).

¶ 12 Plaintiff contends the statute of limitations ran from the filing date of the amended judgment, not the original judgment. In the alternative, it argues that assuming the statute of limitations does run from the original judgment, there are multiple statutory tolling provisions that make its Complaint on Judgment timely filed.

¶ 13 After careful examination, we determine the statute of limitations ran from the original judgment, and plaintiff's alternative contention is without merit. Plaintiff filed its complaint after the expiration of the 10-year statute of limitations period, and its action is time-barred.

### 1. *Amended Judgment*

¶ 14        Throughout its brief, plaintiff contends defendant filed and prevailed upon a Motion to Alter or Amend Judgment pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. Plaintiff has not identified that Rule 59 Motion anywhere in the record. We do, however, note defendant filed a Motion to Amend Judgment pursuant to Rule 52(b) of the North Carolina Rules of Civil Procedure on 30 July 2009. Furthermore, defendant's notice of appeal and proposed issues on appeal from *Henry James Bar-Be-Que v. Gilmore* are included in the record. Those documents indicate the trial court declined to provide relief pursuant to Rule 52(b) and declined to enter the specific facts and conclusions the defendant requested. Contrary to plaintiff's contention, there is no indication in the record now before us that the trial court altered or amended the original judgment pursuant to Rule 59.

¶ 15        Rule 59(e) and Rule 52(b) are similar mechanisms. A party seeking post-judgment relief may, and often does, file both contemporaneously for consideration by the trial court. *See* N.C. R. Civ. P. 52(b) ("The motion may be made with a motion for a new trial pursuant to Rule 59.").

¶ 16        Rule 52(b) of the North Carolina Rules of Civil Procedure provides that "[u]pon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. However, Rule 52(b) is not intended to provide a forum for the losing party to relitigate aspects of their case. G. Gray Wilson, North Carolina Civil

Procedure, Ch. 52, § 52-6 (Matthew Bender) (4th ed. 2021). "The primary purpose of a Rule 52(b) motion is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court." *Branch Banking & Tr. Co. v. Home Fed. Sav. & Loan Asso.*, 85 N.C. App. 187, 198, 354 S.E.2d 541, 548 (1987). "If a trial court has omitted certain essential findings of fact, a motion under Rule 52(b) can correct this oversight and avoid remand by the appellate court for further findings." *Id.* at 198-99, 354 S.E.2d at 548 (citation omitted). "A complete record on appeal, resulting from a Rule 52(b) motion, will provide the appellate court with a better understanding of the trial court's decision, thus promoting the judicial process." *Parrish v. Cole*, 38 N.C. App. 691, 694, 248 S.E.2d 878, 880 (1978).

¶ 17 Rule 59 "is appropriate if the court has failed in the original judgment to afford the relief to which the prevailing party is entitled. A motion under this rule may also be employed by a party who seeks to have an order or judgment vacated in its entirety." G. Gray Wilson, North Carolina Civil Procedure, Ch. 59, § 59-17 (Matthew Bender) (4th ed. 2021). Under Rule 59(e), "[a] motion to alter or amend the judgment" must be based on one of the enumerated grounds in subsection (a). Rule 59(a) provides, in pertinent part:

> On a motion for a new trial in an action tried without a jury, the [trial] court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the *entry of a new judgment*.

N.C. R. Civ. P. 59(a) (emphasis added).

¶ 18    Thus, where the trial court sits without a jury, and enters an amended judgment pursuant to Rule 59(e), the amended judgment is a *new judgment*. Where the trial court amends a judgment pursuant to Rule 52(b) alone and includes additional findings of fact and conclusions of law without disturbing the ultimate relief afforded to the prevailing party, the validity of the original judgment is undisturbed. An amended judgment entered pursuant to Rule 52(b) includes additional findings of fact and conclusions of law that supplement, but do not supplant, the original judgment.

¶ 19    Here, defendant filed a Motion to Amend Judgment pursuant to Rule 52(b) on 30 July 2009. Defendant requested the trial court adopt several proposed findings of fact and conclusions of law, and recalculate damages awarded in accordance with and consistent with those requested findings and conclusions. The trial court, in its discretion, elected to add 20 additional paragraphs to its findings of fact and conclusions of law, but declined to enter the specific facts and conclusions requested by defendant. Moreover, it did not recalculate damages, or otherwise make any alteration to the relief afforded to the plaintiff in the original judgment.

¶ 20    The amended judgment filed 29 September 2009, on its face, states "this the 25th day of September, 2009, *nunc pro tunc* to July 20, 2009," and refers to 20 July 2009 as "the date of this Judgment."

> A nunc pro tunc order is a correcting order. The function of an entry nunc pro tunc is to correct the record to reflect a prior ruling made in fact but defectively recorded. A nunc pro tunc order merely recites court actions previously taken, but not properly or adequately recorded. A court may rightfully exercise its power merely to amend or correct the record of the judgment, so as to make the court[']s record speak the truth or to show that which actually occurred, under circumstances which would not at all justify it in exercising its power to vacate the judgment. However, a nunc pro tunc entry may not be used to accomplish something which ought to have been done but was not done.

*Rockingham Cnty. DSS ex rel. Walker v. Tate*, 202 N.C. App. 747, 752, 689 S.E.2d 913, 917 (2010) (citation omitted).

¶ 21      Additionally, the record contains several printouts from our Civil Case Processing System ("VCAP"), where indexed judgments are abstracted electronically. Under § 1-233:

> Every judgment of the superior or district court, affecting title to real property, or requiring in whole or in part the payment of money, shall be indexed and recorded by the clerk of said superior court on the judgment docket of the court. The docket entry must contain the file number for the case in which the judgment was entered, the names of the parties, the address, if known, of each party and against whom judgment is rendered, the relief granted, *the date, hour, and minute of the entry of judgment under G.S. 1A-1, Rule 58,* and the date, hour, and minute of the indexing of the judgment.

§ 1-233 (2020) (emphasis added).  Each VCAP document included in the record lists the judgment "clock" date as 20 July 2009.  These judgment abstract summaries

must, by statute, include the date of entry of the judgment as defined by Rule 58 of our Rules of Civil Procedure. Thus, plaintiff had additional notice through VCAP that 20 July 2009 is the entry date of judgment.

### 2. *Statutory Tolling Provisions*

Plaintiff also argues it filed its Complaint on Judgment in a timely fashion because N.C. R. Civ. P. 62(a) and (b), N.C.R. App. P. 3, § 1-234, § 1-15, and § 1-23, all have the effect of tolling the 10-year statute of limitations in § 1-47. Plaintiff's contention is without merit.

First, plaintiff argues that § 1-234 expressly provides a tolling provision for the 10-year statute of limitations period for a judgment. The statute provides, in pertinent part:

> But the time during which the party recovering or owning such judgment shall be, *or shall have been, restrained from proceeding thereon by an order of injunction, or other order, or by the operation of any appeal, or by a statutory prohibition, does not constitute any part of the 10 years aforesaid*, as against the defendant in such judgment . . . .

§ 1-234 (2020) (emphasis added). Thus, plaintiff argues this tolling provision extends to the 10-year statute of limitations for commencement of an action for renewal of a judgment under § 1-47(1).

This Court's decision in *Fisher v. Anderson* is instructive on this issue. 193 N.C. App. 438, 667 S.E.2d 292 (2008). In *Fisher*, the plaintiff assignee filed an action

in the trial court to enforce a judgment entered against the defendants pursuant to N.C. Gen. Stat. § 1-47. *Id.* at 438, 667 S.E.2d at 292-93. The trial court denied the plaintiff's motion for summary judgment and granted the defendants' motion to dismiss on grounds that the complaint was filed more than ten years after entry of the judgment. *Id.* at 438-39, 667 S.E.2d at 293. On appeal, the plaintiff argued Rule 62(a) of the North Carolina Rules of Civil Procedure, when read in conjunction with § 1-234, operated to toll the ten-year statute of limitations in § 1-47(1) by thirty days. *Id.* at 439-40, 667 S.E.2d at 293.

¶ 25        This Court held that because the plaintiff failed to assert a claim within the ten-year statute of limitations, his complaint was properly dismissed. *Id.* at 440, 667 S.E.2d at 294. In reaching our decision, we noted that

> the ten-year period referred to in N.C. Gen. Stat. § 1-234 governs judgment liens on real property. Nothing in the plain language of N.C. Gen. Stat. § 1-234 indicates the limitations on the duration of a judgment lien should apply to the statutory period set forth in N.C. Gen. Stat. § 1-47(1).

*Id.* at 440, 667 S.E.2d at 294.

¶ 26        Plaintiff also argues N.C. R. Civ. P. 62(a) and (b) expressly stay execution upon a judgment, and these statutory prohibitions upon enforcement of a judgment also toll the 10-year statute of limitations in § 1-47(1). However, in *Fisher*, we also noted that "[n]othing in the plain language of Rule 62(a) indicates the legislature intended the automatic stay from execution to add thirty days to the ten-year statute of

limitations on commencing an action to enforce a judgment." 193 N.C. App. at 440, 667 S.E.2d at 294. Similarly, the language in Rule 62(b), also applies to enforcement of an existing judgment, and not to the commencement of an action to renew a judgment under § 1-47(1). *See* N.C. R. Civ. P. 62(b).

¶ 27 Regarding plaintiff's additional arguments that §§ 1-15, 1-23, and N.C.R. App. P. 3, toll or extend the applicable 10-year statute of limitations in this case, the record is devoid of any reference to a stay or injunction on commencement of a new action that would implicate §§ 1-15 or 1-23. Moreover, Rule 3 of the North Carolina Rules of Appellate Procedure provides, in pertinent part, "if a timely motion is made by any party for relief under Rules 50(b), 52(b) or 59 of the Rules of Civil Procedure, the thirty-day period *for taking appeal is tolled* as to all parties . . . ." N.C.R. App. P. 3(c) (emphasis added). Yet nothing in the plain language of N.C.R. App. P. 3 could be construed to have the effect of also tolling the 10-year statute of limitations on the commencement of a new action under § 1-47(1). Thus, plaintiff has not shown to the satisfaction of this Court the existence of any statutory tolling provision affecting the applicable 10-year statute of limitations in this action.

## III. Conclusion

¶ 28 For the foregoing reasons, we reverse the trial court's Judgment and Order denying defendant's Motion for Summary Judgment and granting Summary Judgment in favor of plaintiff.

REVERSED.

Judges CARPENTER and GRIFFIN concur.